LOUIS KING *vs.* CHARLES E. WARD and wife.

Somerset.   Opinion February 8, 1883.

</div>

*Fraudulent conveyance.   R. S., c. 113, § 51.   Practice.*

In an action by a creditor of K against W and wife, under R. S., c. 113, § 51, for fraudulent conveyance to the wife by the aid and assistance of W of the property of K, the court, at the request of defendants' counsel, gave the following instruction to the jury : "If this conveyance was taken by W for his own security, without any knowledge as to the nature of the transaction so far as K was concerned, the jury cannot find a verdict for the plaintiff;" *Held,* That this request was inaccurate in its assumption of fact, unsound in its assumption of law, and ambiguously expressed, and should not have been given.

ON EXCEPTIONS AND REPORT.

An action under R. S., c. 113, § 51, for aiding a debtor to hinder, delay and defraud his creditors by taking of him a fraudulent conveyance of his property.   The writ is dated

November 18, 1880. Plea, not guilty. The facts appear in the opinion.

*E. W. and F. E. McFadden*, for the plaintiff.

*S. S. Brown*, for the defendants.

The request which the court gave was a proper one. There is no legal ground of complaint in the fact that the instruction confined the question of guilty knowledge to Mr. Ward, because the whole case shows that Mrs. Ward was a mere passive grantee and had no knowledge of the transaction till the papers were made, had nothing to do with the negotiation, she took the conveyance as any good wife would at the request of her husband.

Good faith on the part of the grantee is all that is needed to sustain this conveyance and he is not to be affected by the *mala fides* of the grantor. *Bridge* v. *Eggleston*, 14 Mass. 245; *Harrison* v. *Trustees, etc.* 12 Mass. 456; *Reed* v. *Woodman*, 4 Maine, 400; *Davis* v. *Tibbetts*, 39 Maine, 279; *McLarren* v. *Thompson*, 40 Maine, 284; *Blodgett* v. *Chaplin*, 48 Maine, 322.

WALTON, J. There is a motion to have the verdict set aside upon the ground that it is against the weight of evidence. The verdict is probably wrong. But we do not find it necessary to determine whether or not it is so clearly wrong as to justify us in setting it aside; for we are satisfied that a new trial must be granted upon the exceptions.

It is an action against the defendants (husband and wife) for aiding a debtor in a fraudulent conveyance of his property. At the close of the judge's charge, which, so far as appears, was unexceptionable, the defendants' counsel requested the following instruction, which was given:

"If this conveyance was taken by Mr. Ward for his own security, without any knowledge as to the nature of the transaction, so far as Mr. Alexander King was concerned, the jury cannot find a verdict for the plaintiff."

Such an instruction could not properly be given. In the first place, it assumes that the conveyance in question "was taken by Mr. Ward." This is not true. It was taken by Mrs. Ward, the wife, and not by Mr. Ward, the husband. Again, it assumes that if one of the defendants was not guilty, a verdict could not be returned against the other. This is not correct. Being an action of tort, it was competent for the jury to find one of the defendants guilty and the other not guilty. Again, the phrase, "without any knowledge of the *nature* of the transaction," is ambiguous. It is clear that neither Mr. Ward, nor either of the other parties to the conveyance, had a very clear idea of the "nature of the transaction," in one particular, for they often speak of it as a mortgage, when it was in fact an absolute conveyance. Mrs. Ward took an absolute deed and gave a bond to Mrs. King (who was not the grantor), to convey to her upon the payment of twenty dollars and "future advances." Mr. Ward may not have had any knowledge of the "nature" of such a transaction, so far as Mr. King, or any one else, was concerned. He may have supposed the "transaction" constituted a mortgage. But very clearly it did not. He may have been mistaken as to the "nature" of the "transaction" in many other particulars. But did the defendants' counsel mean to have the jury understand that such ignorance would constitute a complete defense to the suit? Of course he did not. Our knowledge of the law, and of the absurdity of such a position, enables us to understand that such could not have been his meaning. But the jury may have so understood him. Clearly, the requested instruction, as it is worded, is one which ought not to have been given. It is unsound in its assumptions of law as well as of fact, and is ambiguously expressed.

*Exceptions sustained.*

APPLETON, C. J., BARROWS, DANFORTH, PETERS and LIBBEY, JJ., concurred.